**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SOUTHEAST ARKANSAS HOSPICE, INC.**                                           **PLAINTIFF**

v.                              **CASE NO. 4:10-CV-00721 BSM**

**DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
Kathleen Sebelius, Secretary**                                                          **DEFENDANT**

**ORDER**

On September 7, 2010, the parties appeared for a hearing on plaintiff Southeast Arkansas Hospice, Inc.'s ("SEARK") motion for a preliminary injunction. [Doc. No. 6]. At the close of the hearing, both parties agreed that the temporary restraining order granted on August 17, 2010, should remain in place pending the issuance of this order. For the reasons set forth below, SEARK's motion for a preliminary injunction is granted.

In deciding whether to grant or deny a preliminary injunction, the most relevant considerations are: 1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). First, SEARK has demonstrated that it will likely go out of business if DHHS withholds further payments. Second, it is apparent that the gravity of this harm outweighs any injury that the granting of an preliminary injunction would inflict upon DHHS. Third, a regulation that is at least partly a basis for DHHS's collection efforts, 42 C.F.R. § 418.309,  appears to be an

invalid exercise of administrative rule-making authority. That regulation employs a different calculus to determine the number of medicare beneficiaries in a given accounting year than that provided by the enabling statute, 42 U.S.C. § 1395f, thereby reducing providers' reimbursable expenditures. Because section 418.309 failed to "give effect to the unambiguously expressed intent of Congress," it is likely to be held invalid. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842-44 (1984). As of this date, numerous federal district courts have found it so. *See, e.g.*, *Lion Health Servs., Inc. v. Sebelius*, 689 F. Supp.2d 849 (N.D. Tex. 2010); *Hospice of New Mexico, LLC v. Sebelius*, 691 F. Supp.2d 1275 (D.N.M. 2010); *Los Angeles Haven Hospice, Inc. v. Sebelius*, 2009 WL 5865300 (C.D. Cal. 2009); *Sojourn Care, Inc. v. Leavitt*, No. 07-375 (Doc. Nos. 37, 39) (N.D. Okl. 2007). Fourth, the public interest favors the granting of a preliminary injunction because of the nature of SEARK's business as a provider of hospice care in a rural area of Arkansas. Thus, it appears that each factor favors the granting of a preliminary injunction. Moreover, this outcome accords with the general purpose of preliminary injunctions—preservation of the status quo so that a meaningful decision can eventually be rendered on the merits. *See* 11A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2947 (2d ed. 1995).

Therefore, pursuant to Federal Rule of Civil Procedure 65, SEARK's motion for a preliminary injunction [Doc. No. 6] is granted. DHHS is directed to stay its demand for

repayment from SEARK and to pay SEARK for claims that come due after the date of this order.

IT IS SO ORDERED this 24th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE