IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SOUTHEAST ARKANSAS HOSPICE, INC.**                          **PLAINTIFF**

v.                **CASE NO. 4:10CV00721 BSM**

**DEPARTMENT OF HEALTH
AND HUMAN SERVICES,**
**Kathleen Sebelius, Secretary**                                              **DEFENDANT**

## ORDER

Plaintiff Southeast Arkansas Hospice, Inc., (SEARK) filed this case against defendant Kathleen Sebelius, the Secretary of the United States Department of Health and Human Services (DHHS), seeking to invalidate the Secretary's regulation implementing a statutory cap on Medicare payments to hospice-care providers. Four motions are pending: (1) the Secretary's motion to dismiss for lack of subject matter jurisdiction [Doc. No. 17]; (2) the Secretary's motion to dissolve the preliminary injunction [Doc. No. 29]; (3) SEARK's motion to amend its complaint [Doc. No. 36]; and (4) SEARK's motion for summary judgment [Doc. No. 38]. For the reasons set forth below, the Secretary's motion to dismiss is granted in part and denied in part; the Secretary's motion to dissolve the preliminary injunction is denied as moot; SEARK's motion to amend its complaint is denied; and SEARK's motion for summary judgment is granted in part and denied in part.

### I. FACTUAL BACKGROUND

It is undisputed that SEARK operates hospice-care facilities in Arkansas and receives reimbursement from Medicare for certain services it provides to terminally ill patients. *See*

42 U.S.C. § 1395f(a)(7) (2006). To ensure that hospice care payments do not exceed the costs of treatment in a conventional setting, there is a "cap" on the total amount paid in reimbursements to SEARK for all eligible patients in any given fiscal year. *Id.* § 1395f(i)(2)(A); H.R. Rep. No. 98-333, at 1 (1983). This cap is codified at 42 U.S.C. § 1395f(i)(2), and the attendant regulation, which is at the heart of this lawsuit, is found at 42 C.F.R. § 418.309(b)(1). A provider's annual cap is calculated by multiplying (a) a per-patient amount defined by statute and indexed for inflation, times (b) the number of Medicare beneficiaries in the hospice program during that fiscal year. 42 U.S.C. § 1395f(i)(2)(A).

As is typical in the hospice-care industry, SEARK receives Medicare payments through a fiscal intermediary. SEARK's fiscal intermediary is Palmetto GBA ("Palmetto"). The fiscal intermediary is responsible for reviewing a provider's claims and generally pays the provider upon invoice. When a provider receives reimbursements from Medicare that exceed its annual cap, the fiscal intermediary issues a Notice of Program Reimbursement (NPR), which is essentially a demand for the overage. Palmetto served four such demands on SEARK for fiscal years 2004, 2005, 2007, and 2009.

Under 42 U.S.C. § 1395oo(a), a provider may challenge an NPR so long as the amount in controversy is at least $10,000 and it requests a hearing before the Provider Reimbursement Review Board (PRRB) within 180 days after receipt of the demand. If the provider is dissatisfied with the PRRB's ruling, it may obtain judicial review by filing a civil

action within 60 days of the PRRB's final determination. *Id.* § 1395oo(f)(1).

A.   Fiscal Year Ending 2004

On June 25, 2007, Palmetto sent an NPR to SEARK demanding that SEARK refund overpayments in the amount of $137,113 for the period of November 1, 2003, through October 31, 2004. SEARK did not appeal this NPR to the PRRB.

B.   Fiscal Year Ending 2005

On September 26, 2006, Palmetto sent an NPR to SEARK demanding that SEARK refund overpayments in the amount of $358,170 for the period of November 1, 2004, through October 31, 2005. SEARK timely appealed this determination to the PRRB. The PRRB responded with a letter directed to SEARK's counsel that set forth certain deadlines in the administrative appeal process. When SEARK failed to perfect its appeal by timely completing the enumerated tasks, the PRRB dismissed its appeal. SEARK did not file a civil action to review this ruling within 60 days as required by statute.

C.   Fiscal Year Ending 2007

On January 7, 2009, Palmetto sent an NPR to SEARK demanding that SEARK refund overpayments in the amount of $16,383 for the period of November 1, 2006, through October 31, 2007. SEARK did not appeal this NPR to the PRRB.

D.   Fiscal Year Ending 2009

On June 8, 2010, Palmetto sent an NPR to SEARK demanding that SEARK refund overpayments in the amount of $89,368 for the period of November 1, 2008, through

October 31, 2009. Two weeks later, SEARK filed this lawsuit. On August 17, 2010, SEARK's motion for a temporary restraining order was granted. [Doc. No. 14]. On September 7, 2010, the parties appeared for a hearing to determine whether a preliminary injunction was appropriate. The Secretary argued that SEARK's failure to exhaust its administrative remedies as to fiscal years ending 2004, 2007, and 2009, and to timely commence suit as to fiscal year ending 2005, deprives this court of subject matter jurisdiction. SEARK countered that several exceptions to the doctrine of exhaustion were applicable and further noted that it had in fact recently commenced a timely appeal with the PRRB as to fiscal year 2009. A preliminary injunction was imposed on September 24, 2010, preserving the *status quo* so that a meaningful decision could eventually be rendered on the merits. [Doc. No. 26].

Indeed, SEARK's appeal of the 2009 NPR was docketed by the PRRB as case number 10-1323 on September 14, 2010, and on October 5, 2010, the PRRB granted expedited judicial review. Centers for Medicare and Medicaid Services (CMS), however, on its own motion, intervened on October 18, 2010, notifying SEARK and the PRRB that it intended to review "whether the Board [the PRRB] properly determined jurisdiction." In a 13-page order dated December 6, 2010, CMS vacated the PRRB's determination that the amount in controversy exceeded $10,000 by defining amount-in-controversy to mean the difference between the cap as calculated by the regulation and a theoretical cap purportedly calculated according to the statute.

## II. LEGAL STANDARDS

The gist of the Secretary's motion to dismiss is that SEARK's failure to exhaust its administrative remedies precludes this court from having subject matter jurisdiction over its claims. Accordingly, her motion to dismiss, or in the alternative, for summary judgment, will be initially construed as motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). The standards governing motions for leave to amend a complaint, for summary judgment, and to dissolve a preliminary injunction are also set forth herein.

A. <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Because federal question jurisdiction under 28 U.S.C. § 1331 does not lie in Medicare reimbursement cases, *see Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 10-20 (2000), section 1395oo provides the sole means for a provider to obtain judicial review of the Secretary's overpayment determination. In *St. Joseph's Hospital of Kansas City v. Heckler*, the Eighth Circuit Court of Appeals held that "a provider's right to seek further review [of a fiscal intermediary's decision] is strictly limited" and the court held that the threshold requirements of section 1395oo(a)—including the 180-day filing deadline—are jurisdictional in nature. 786 F.2d 848, 849-50, 853 (8th Cir. 1986).

*St. Joseph's* distinguished cases in which a provider challenges the PRRB's determination that its appeal failed to meet the threshold requirements of section 1395oo(a) from those in which the provider blatantly failed to follow the administrative scheme, finding the former cases ripe for judicial review and the latter unripe. *Id.* at 851. Essentially,

the rule is when there is no legitimate dispute that the provider's appeal was untimely or failed to establish the requisite amount-in-controversy, the PRRB does not have jurisdiction to render a final decision. Because the right to judicial review attaches solely to a "final decision" by the PRRB and not the fiscal intermediary's determination, a district court lacks subject matter jurisdiction to hear a dispute between a provider and the Secretary that was not initially heard by the PRRB. *Id.* at 852.

B.      Motion for Leave to Amend Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted when justice so requires. The amended complaint, however, should cure the defects in the original complaint; leave need not be granted where the proposed amendments would be futile. *See Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993).

C.      Motion for Summary Judgment

Summary judgment is proper if, after viewing the evidence in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008). The Secretary cannot survive the motion for summary judgment merely by pointing to disputed facts; the facts in dispute must be material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985). If the facts alleged by the Secretary, when viewed in the light most favorable to her case, would not allow a reasonable

factfinder to find in her favor, then summary judgment should be granted in favor of SEARK. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006).

D.   Motion to Dissolve a Preliminary Injunction

Under Federal Rule of Civil Procedure 59(e), an order may be amended to correct manifest errors or law or fact. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

## III. DISCUSSION

This section contains four distinct rulings: (1) although SEARK's claims for fiscal years 2004, 2005, and 2007 are not properly before this court, subject matter jurisdiction does lie for its fiscal year 2009 claim; (2) SEARK's motion to amend must be denied because it is futile; (3) the Secretary's regulation is invalid, and she will be enjoined from enforcing it as to SEARK's Medicare reimbursements during fiscal year 2009; and (4) the Secretary's motion to dissolve the preliminary injunction is moot.

A.   Subject Matter Jurisdiction

Subject matter jurisdiction does not lie herein for SEARK's claims for fiscal years 2004, 2005, and 2007. This is the case because SEARK failed to timely appeal the 2004 and 2007 NPRs to the PRRB. Although SEARK did timely appeal the 2005 NPR, it did not bring suit within 60 days of the PRRB's dismissal of its appeal as required by statute. Accordingly, these claims must be dismissed.

The 2009 NPR, however, was timely appealed to the PRRB, and the PRRB commenced expedited judicial review. The Secretary argues, however, that because the PRRB's determination of jurisdiction below was purportedly improper, this court similarly is without jurisdiction because there is no "final decision" to review. The rule from *St. Joseph's*, *supra*, however, strongly counsels against her position: "[A] decision rejecting a claim for failure to fulfill a threshold requirement must be a final decision for purposes of judicial review. Otherwise, the PRRB [or the Secretary] could effectively preclude any judicial review of its [or her] decisions simply by denying jurisdiction of those claims that it [or she] deems to be non-meritorious." 786 F.2d at 851.

Moreover, a recent decision from the Ninth Circuit Court of Appeals casts significant doubt on the merits of CMS's December 6, 2010, administrative decision. In *Los Angeles Haven Hospice v. Sebelius*, the Secretary argued that in order have Article III standing to challenge a regulation, a hospice-care provider "must prove that it suffered a 'net' increase in its liability for overpayments from the operation of the hospice cap regulation in [a given fiscal year], over and above the amount it would have been required to pay for the same period under the hospice cap statute or a hypothetical regulation drawn in conformity with the statute." 2011 WL 873303, at *9 (9th Cir. Mar. 15, 2011). The Ninth Circuit strongly rejected this position by noting that "such an alternative calculation under a nonexistent regulation would necessarily be hypothetical and speculative in nature" and that "so long as [a hospice-care provider] can point to some concrete harm logically produced by 42 C.F.R.

§ 418.309(b), it has standing to challenge the hospice cap regulation even though in a prior, current, or subsequent fiscal year it may also have enjoyed some offsetting benefits from the operation of the current regulation." *Id.*

Another issue, not explicitly raised by the Secretary, is whether SEARK may be permitted to file suit first and then exhaust its administrative remedies second. This is obviously neither the prescribed method under section 1395oo nor is it accepted under general principles of law. If, however, it were held that this procedural anachronism mandates dismissal, it would be without prejudice and SEARK would be free to refile because SEARK timely exhausted its administrative remedies. Therefore, in the interests of judicial economy and common sense, it is held that SEARK's claim as to fiscal year 2009 was exhausted below and that there is subject matter jurisdiction herein.

B.   SEARK's Motion for Leave to Amend

SEARK requests leave to amend its complaint. The proposed amendments include an additional claim for an NPR issued for fiscal year 2005, this one from its Helena location, and a statement that the PRRB recently rejected its belated appeals—made in September 2010—for fiscal years ending 2004, 2005 (Pine Bluff location), and 2007. Furthermore, the amended complaint requests application of equitable tolling to any claim barred by section 1395oo.

Leave to amend need not be granted if the proposed amendments will not affect the outcome. Here, SEARK's proposed amended complaint appears to do two things to invoke

subject matter jurisdiction for fiscal years ending 2004, 2005, and 2007: (1) obtain a "final decision" from the PRRB denying its appeals for those years; and (2) argue that equitable tolling cures any failure to exhaust administrative remedies.

The first approach is too little, too late. As discussed above at length, 42 U.S.C. § 1395oo is the provider's only key to the courthouse door. That statute plainly requires a provider to appeal an NPR to the PRRB within 180-days of receipt. Doing this many years later in order to obtain a "final decision" from which to appeal is insufficient.

The second equity-based approach asks for an application of equitable tolling. SEARK's argument here is that because other district courts have almost uniformly invalidated the Secretary's regulation, she should not be able to apply it even if SEARK failed to challenge its application through the administrative process. SEARK has not demonstrated, however, that either the Secretary, Palmetto, or the PRRB in some way thwarted its ability to exhaust its administrative remedies. Indeed, each NPR contained clear instructions regarding the a provider's right to appeal the intermediary's determination of overpayment. It appears that SEARK simply failed to do so. Because SEARK has not identified special circumstances or improper conduct, the application of equitable tolling to its claims for fiscal years 2004, 2005, and 2007 is not appropriate.

C.   SEARK's Motion for Summary Judgment

Summary judgment is appropriate because the Secretary's regulation is invalid as a matter of law. Indeed, although courts should normally defer to regulations promulgated by

the Secretary, *see Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), many district courts around the country have invalidated the regulation at issue. *See, e.g.*, *Lion Health Svcs., Inc. v. Sebelius*, 689 F. Supp. 2d 849 (N.D. Tex. Feb. 22, 2010); *Legacy Health Care, Inc. v. Sebelius*, No. 1:09CV00149 TS (D. Utah June 15, 2010); *Autumn Light Hospice v. Sebelius*, 2010 WL 988470 (W.D. Okla. Mar. 12, 2010); *Sojourn Care, Inc. v. Leavitt*, No. 07CV00375 GKF-PJC (N.D. Okla. Feb. 7, 2007). Recently, the Fifth and Ninth Circuits have affirmed the first round of these decisions. *See Los Angeles Haven Hospice, Inc. v. Sebelius*, No. 09-56391, 2011 WL 873303, (9th Cir. Mar. 15, 2011); *Lion Health Svcs., Inc. v. Sebelius*, No. 10-10414, 2011 WL 834018 (5th Cir. Mar. 11, 2011).

In accord with this groundswell of authority, and for the reasons set forth in the litany of authorities cited above, the Secretary's regulation, 42 C.F.R.§ 418.309(b), is hereby declared invalid because it is contrary to the clear intent of Congress. Furthermore, the Secretary is hereby permanently enjoined from enforcing it against SEARK as to fiscal year 2009.

D. The Secretary's Motion to Dissolve the Preliminary Injunction

Because SEARK's claims for fiscal years 2004, 2005, and 2007 have been dismissed, the preliminary injunction entered on September 24, 2010, is vacated as to those years. The present grant of summary judgment in favor of SEARK as to fiscal year ending 2009, however, imposes a permanent injunction as to that year. Accordingly, the Secretary's

motion to dissolve the preliminary injunction is denied as moot.

IT IS THEREFORE ORDERED THAT

1. Defendant's motion to dismiss [Doc. No. 17] is granted in part and denied in part;

2. Plaintiff's motion for leave to amend [Doc. No. 36] is denied;

3. Plaintiff's motion for summary judgment [Doc. No. 38] is granted in part and denied in part; and

4. Defendant's motion to dissolve the preliminary injunction [Doc. No. 29] is denied as moot.

An appropriate judgment will issue.

DATED this 24th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE